# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVE HALL'S CENTER FOR CELLULAR HEALTH, L.L.C., | Case No. 2:05 cv 1057 TS |
| Plaintiff, | **MEMORANDUM DECISION and ORDER MANDATING APPEARANCE OF COUNSEL and STRIKING TRIAL DATE** |
| vs. | |
| URBAN GROUP EXERCISE CONSULTANTS, LTD., 1st Approach L.L.C., et al., | Judge Ted Stewart |
| Defendants. | Magistrate Judge Brooke C. Wells |

On May 1, 2007, this court permitted Adam B. Price, Billie J. Siddoway, and the law firm of Jones, Waldo, Holbrook & McDonough (Jones Waldo) to withdraw as counsel of record for Defendant 1st Approach.[1]  The motion to withdraw cited to 1st Approach's dissolution and request that counsel withdraw from further representation.[2]  1st Approach also represented that there was no pending motions or a trial date.[3]  Finally, 1st Approach noted it could be contacted via Linda Goodman, Esq. a member of The Goodman Law Firm located in San Diego, California.  Based on Defendant's representation the court presumed that Linda Goodman would enter an official appearance on the record for 1st Approach.  This however has not occurred.

---

[1] *See* order dated May 1, 2007, docket no. 56.
[2] *See* motion for leave to withdraw as counsel.
[3] *See id.*

And, on May 9, 2007-approximately eight days following the withdrawal of Jones, Waldo-Plaintiff filed a motion to compel that 1st Approach has failed to oppose.  Therefore, the court enters the following:

     Defendant 1st Approach is HEREBY ORDERED to obtain counsel and have counsel enter an official appearance on the record by July 9, 2007.  The court agrees with Plaintiff that a corporation cannot represent itself in legal matters.  "It is settled law that a corporation may be represented only by licensed counsel."[4]  And, although 1st Approach is dissolving, dissolution does not "abate or suspend a proceeding pending by or against the corporation."[5]  The fact that 1st Approach is a Maine Limited Liability Company does not change its obligation to defend itself in this lawsuit and wind up its affairs properly.[6]

     Next, the court further ORDERS 1st Approach to either provide the discovery sought by Plaintiff in its motion[7] by July 9, 2007, or file an objection through counsel by this same date.  Local rule 7-1(d) provides that failing to respond to a motion-such as Plaintiff's motion to compel-"may result in the court's granting the motion without further notice."[8]  If 1st Approach fails to oppose Plaintiff's motion to compel within the required time frame the court will take the matter under advisement and issue a decision that may grant the motion *in toto*.

---

[4] *Carr Enterprises, Inc. v. U.S.*, 698 F.2d 952, 953 (Eighth Cir. 1983) (per curium); *see also Flora Construction Co. v. Fireman's Fund Ins. Co. et al.*, 307 F.2d 413 (10th Cir. 1962); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552 (10th Cir. 2001).

[5] Utah Code Ann. 1953 § 16-10a-1405.

[6] For more information visit *http://www.maine.gov/sos/cec/corp/incorporating.html* which explains the process of incorporation and dissolution for a Maine corporation or L.L.C. (last visited on 6/7/07).

[7] *See* Pla.'s motion to compel, docket no. 57.

[8] DUCivR 7-1(d).

Finally, the court STRIKES the trial that is set for June 25, 2007 in this matter and the final pretrial conference set for June 15, 2007.  Contrary to the representations made by Defendant in its motion for withdrawal there is a trial pending in this case.  Following the appearance of counsel for 1st Approach the parties are to meet, confer, and submit a new proposed schedule to the court.

      IT IS SO ORDERED.

DATED this 7th day of June, 2007.

                            Brooke C. Wells
                            United States Magistrate Judge